Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Tuvia Korobkin (SBN 268066)
    tuvia@setarehlaw.com
Neil Larsen (SBN 276490)
    neil@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone:  (310) 888-7771
Facsimile:  (310) 888-0109

Attorneys for Plaintiff,
J. ROBERT BERRELLEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. ROBERT BERRELLEZ, on behalf of himself, all others similarly situated, and the general public,<br><br>*Plaintiff,*<br><br>vs.<br><br>ROSE INTERNATIONAL, INC., a Missouri corporation; BANK OF AMERICA, N.A. and DOES 1-50, inclusive,<br><br>*Defendants.* | Case No. 2:14-CV-03163-AB (FFMx)<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512, and 1198);<br>2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7, and 1198);<br>3. Failure to Provide Accurate Written Wage Statements (Lab. Code § 226(a));<br>4. Failure to Timely Pay All Final Wages (Lab. Code §§ 201-203);<br>5. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>6. Civil Penalties (Lab. Code §§ 2698, *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

*Berrellez v. Rose Intl., et al.*                                    Second Amended Complaint

Plaintiff, J. Robert Berrellez (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this class and representative action against Defendants ROSE INTERNATIONAL, INC., a Missouri corporation ("ROSE"); BANK OF AMERICA, N.A. ("BANA"); PONTOON SOLUTIONS, INC., ("PONTOON"); and ADECCO USA, INC. ("ADECCO") (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants have failed to provide him and putative class members with with meal periods, failed to provide them with rest periods, failed to provide them with accurate written wage statements, and failed to timely pay them all of their final wages following separation of employment. Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, and related relief on behalf of himself and all others similarly situated.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction to hear this case because Defendant has removed this case pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

### PARTIES

**A.    Plaintiff**

5.    Plaintiff was jointly employed by Defendants as an hourly contract employee working for BANA as a Foreclosure Level II Reseracher from approximately July 2012 to January 2013.

**B.    Defendants**

6.    Defendant ROSE is a Missouri corporation authorized to do business in California.

7.    Defendant BANA is a United States National Association authorized

to do business in California.

8.    Defendant ADECCO is a Delaware corporation authorized to do business in California.

9.    Defendant PONTOON is a Delaware corporation authorized to do business in California.

10.    Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

11.    This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12.    Defendants ROSE, ADECCO, and PONTOON are entities that provided Defendant BANA with contract  employees, and/or managed BANA contract employees, in California during the Relevant Time Period.

13.    Plaintiff alleges that he and others similarly situated were jointly employed by Defendant BANA and one or more of ROSE, ADECCO, PONTOON, and/or other entities that supplied contract employees to BANA and/or managed BANA contract employees during the Relevant Time Period. Plaintiff alleges that BANA and the other Defendants each exercised significant control over class members' wages, hours, and/or working conditions such that class members were jointly employed by them.

14.    **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

2

15.   The class and subclass members are defined as follows:

**Contract Employee Class**: All persons employed by Defendants in hourly or non-exempt contract positions for BANA in California during the **Relevant Time Period**.

**Meal Break Class**: All **Contract Employee Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

**Late Meal Break Sub-Class**: All **Contract Employee Class** members who did not commence a meal break within the first five hours of work during the **Relevant Time Period**.

**Second Meal Break Sub-Class**: All **Contract Employee Class** members who worked a shift in excess of ten (10) hours during the **Relevant Time Period**.

**Shortened Meal Break Sub-Class**: All **Contract Employee Class** members who clocked out for a meal period of less than thirty (30) minutes on one or more workdays without being paid an additional hour of premium wages during the **Relevant Time Period**.

**Late Second Meal Break Sub-Class**: All **Contract Employee Class** members who did not commence a second meal break before the end of the tenth hour of work during the **Relevant Time Period**.

**Rest Break Class**: All **Contract Employee Class** members who worked a shift of at least three and one-half (3.5) hours hours during the **Relevant Time Period**.

**Third Rest Break Sub-Class**: All **Contract Employee Class** members who worked a shift in excess of ten (10) hours during the **Relevant Time Period**.

**Wage Statement Penalties Class**: All **Contract Employee Class** members employed by Defendants in California during

3

the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Class:** All **Contract Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

16.   **Reservation of Rights:** Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

17.   **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California and/or federal law.

18.   **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.   Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

B.   Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

C.   Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

D.   Have Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal breaks in accordance with California law?

E.   Have Defendants failed to provide class members with

-4-

accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, the names and addresses of the legal entities that were the employer, amounts of gross and net wages, and hourly rate of pay?

F. Have Defendants failed to provide class memebrs with accurate written wage statements by failing to provide a copy of the wage statements as a detachable portion of their paycheck, and/or by failing to provide employees wage statements?

G. Have Defendants applied policies or practices that result in late and/or incomplete final wage payments?

H. Are Defendants liable to class members for waiting time penalties under Labor Code § 203?

I. Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

J. Did Defendants jointly employ the class members?

K. Are the Defendants liable to the class for Defendants' collective conduct?

19. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

20. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately

represent and protect the interests of the other class members.

21. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

22. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 204, 223, 226.7, 512, and 1198)**

**(Plaintiff, the Meal Break Class, the Late Meal Break Class, the Second Meal Break Class, and the Second Late Meal Break Class)**

23. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

24. At all relevant times, Plaintiff and the **Meal Break Class** members have been non-exempt employees of Defendants entitled to the full meal period

6

protections of both the Labor Code and the Wage Order.

25.    Labor Code § 512 and Section 11 of the Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

26.    Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour  of premium wages on each workday that the employee is not provided with the required meal period.

27.    Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

28.    Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

29.    Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

30.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Class** members have not subject to valid on-duty meal period agreements with Defendants.

### *Unprovided Meal Periods*

31.    During the applicable limitations period, Defendants failed to provide

7

Plaintiff with an uninterrupted meal period of at least thirty (30) minutes on each day that he worked five (5) hours or more, as required by Labor Code § 512 and the Wage Order.

32. Plaintiff is informed, believes and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Meal Break Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order.

33. At relevant times during his employment, Defendants employed Plaintiff for shifts of five (5) or more hours without clocking out for any meal period and without paying him premium wages. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to Late Meal Break Class members when they worked five (5) hours without clocking out for any meal period.

### *Unprovided and/or Late Second Meal Periods*

34. At all relevant times during his employment, Defendants employed Plaintiff for shifts of ten (10) or more hours without providing him with a second meal period and without paying him premium wages, as required by Labor Code § 512 and the Wage Order.

35. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Second Meal Break Class** and **Late Second Meal Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order. Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of ten (10)

8

hours or more, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

36.     At all relevant times, Defendants failed to pay Plaintiff and **Second Meal Break Class** members additional premium wages when required meal periods were not provided.

37.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Second Meal Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

38.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Second Meal Break Class** members, seeks to recover reasonable attorneys' fees.

///

///

///

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, and 1198)

### (Plaintiff, the Rest Break Class, and the Third Rest Break Class)

39.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

40.     At all relevant times, Plaintiff, the **Rest Break Class**, and the **Third Rest Break Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

41.     Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or

9

major portion thereof, that must be in the middle of each work period insofar as is practicable.

42.     Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages, on each workday that the employee is not provided with the required rest period.

43.     Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

44.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

45.     At relevant times during the applicable limitations period, Defendants failed to provide Plaintiff with a net rest period of at least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

///

46.     Plaintiff is informed, believes and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Class** and the **Third Rest Break Class** with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

47.     At all relevant times, Defendants failed to pay Plaintiff and other class members additional premium wages when required rest periods were not provided.

48.     Specifically, Defendants written policies do not provide that employees may take a rest break for each four hours worked, and/or major fraction thereof, and that rest breaks should be taken in the middle of each work period insofar as practicable.

49.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf

10

of himself, the **Rest Break Class** and the **Third Rest Break Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

50.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself, the **Rest Break Class** and the **Third Rest Break Class** members, seeks to recover reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS
## (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Class)

51.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

52.     Labor Code § 226(a) states:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm

labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

53.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with wage statements in compliance with this section by, *inter alia*, (1) not providing class members with itemized wage statements at the time of each payment of wages, (2) not providing class members wage statements as a detachable portion of their checks, (3) not including the names of the legal entities that employed class members (for example by failing to include the full legal name of Defendant ROSE and by failing to include the name or address of Defendants BANA, ADECCO, or PONTOON), (4) failing to include the accurate amount of gross wages earned as a result of not paying meal or rest period premiums for missed meal and rest breaks, and (5) failing to include the accurate amount of net wages earned as a result of not paying meal or rest period premiums for missed meal and rest periods.

54.     Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally not provided them with wage statements and/or have intentionally provide them with wage statements that are not in compliance ith Lab. Code § 226.

55.     Plaintiff and **Wage Statement Penalties Class** members have suffered injuries, in that Defendants have violated their legal rights to receive

12

accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

56.     Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4,000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## FAILURE TO TIMELY PAY ALL FINAL WAGES
### (Lab. Code §§ 201-203)
### (Plaintiff and Waiting Time Penalties Class)

57.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

58.     At all relevant times, Plaintiff and **Waiting Time Penalties Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

59.     At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

60.     At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation

13

have been entitled to payment of all final wages at the time of resignation.

61.     At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

62.     During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages, including, but not necessarily limited to, all of his earned and unpaid straight time wages.

63.     Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

64.     Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages, including, but not limited to, earned and unpaid straight time.

65.     Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

66.     Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

67.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

**Waiting Time Penalties Class** members, seeks awards of reasonable costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and Contract Employee Class)

68. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein (except for the allegations contained in the Third and Fourth Causes of Action, herein.)

69. Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

70. Business and Professions Code §§ 17203 - 17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

71. Plaintiff has lost money or property as a result of unfair competition in that Defenants did not him pursuant to California law as specifically alleged herein.

72. Defendants have, or may have, acquired money or property from **Contract Employee Class** members all money due and owing.

73. The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.* Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

15

74.     As a result of Defendants' violations of the Labor Code as during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of not being paid additional required wages for rest and meal periods not provided to him, and being provided with inaccurate written wage statements that have had the effect of concealing other wage underpayments.

75.     Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants, including not being paid additional required wages for rest and meal periods not provided to him, and being provided with inaccurate written wage statements that have had the effect of concealing other wage underpayments.

76.     Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

77.     Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **Contract Employee Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

78.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **Contract Employee Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

### SIXTH CAUSE OF ACTION
### CIVIL PENALTIES
### (Lab. Code §§ 2698, *et seq.*)

*Berrellez v. Rose Intl., et al.*                    Second Amended Complaint

79.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

80.   During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 256, 512, 558, 1194, and 1198.

81.   California Labor Code § 558 provides that "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this Chapter or any provisions regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to [] civil penalt[ies]." The civil penalties imposed by § 558 include $50.00 for  initial violation, and $100 for subsequent violations per employee per pay period in which violation occurred and the amount of unpaid overtime wages, unpaid minimum wages and unpaid meal premium wages. By failure to pay Plaintiffs and Class members overtime pay, minimum wages, and missed meal period premiums in violation of relevant provisions of the California Labor Code and wage orders, Defendants are responsible to Plaintiffs and Class members for penalties and unpaid overtime, minimum wage and meal period premiums pursuant to California Labor Code § 558.

82.   Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Federal Rule of Civil Procedure Rule 23.

83.   Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code § 2699(c).

84.   Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.

17

85.     Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 256, 512, 1194, and 1198:

   A. For violations of Labor Code §§ 201, 202, 203, 226.7, 256, 1194, 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2)) Additionally, pursuant to Labor Code § 256  the Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section 203;

   B. For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

   C. For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or

18

intentional (penalties set by Labor Code § 225.5);

D.   For violations of Labor Code § 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code § 226.3);

E.   For violations of Labor Code § 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code § 558); and

86.   Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

A. An order that the action be certified as a class action;

B. An order that Plaintiff be appointed class representative;

C. An order that counsel for Plaintiff be appointed class counsel;

D. Unpaid Wages;

E. Actual Damages;

F. Restitution;

G. Pre-judgment interest;

H. Statutory penalties;

I.  Civil penalties;

19

*Berrellez v. Rose Intl., et al.*                                    Second Amended Complaint

J. Costs of suit;

K. Reasonable attorneys' fees; and

L. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED: March 17, 2015

SETAREH LAW GROUP

BY _____/s/_____

SHAUN SETAREH
Attorneys for Plaintiff,
J. ROBERT BERRELLEZ

20

*Berrellez v. Rose Intl., et al.*

Second Amended Complaint